IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YOLANDA ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-01048-O |
| | § | |
| THE CREEK APARTMENTS, | § | |
| DARBY HUMPLIK, and | § | |
| TASHA ALLEN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS MANITOBA MANAGEMENT INC. D/B/A THE CREEK
APARTMENTS, DARBY HUMPLIK AND TASHA ALLEN'S ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO DEFENDANTS' MOTIONS
UNDER RULE 12(b)**

Defendants MANITOBA MANAGEMENT INC. d/b/a THE CREEK

APARTMENTS, DARBY HUMPLIK and TASHA ALLEN (hereinafter "Defendants") and file this,

their Original Answer to Plaintiff YOLANDA ROBINSON's Original Complaint Subject to

Defendants' Motions under Rule 12(b), and answer the averments of the numbered paragraphs of

Plaintiffs' Original Complaint as follows:

**I.**
**RESPONSE TO PLAINTIFF'S AVERMENTS**

1.      The cited provisions of law in this averment speak for themselves. Defendants do not

dispute that Plaintiff seeks damages under the cited provisions of law. However, Defendants

specifically deny any liability under each cited statute and demand strict proof thereof.

2.      The cited provisions of law in this averment speak for themselves. Defendants do not

dispute that Plaintiff seeks damages under the cited provisions of law. However, Defendants

specifically deny any liability under each cited statute and demand strict proof thereof.

3.       Defendants admit this averment.

4.       Defendants deny this averment.

5.       Defendants deny this averment.

6.       Defendants deny this averment.

7.       Defendants admit this averment.

8.       Defendants are without sufficient knowledge to admit or deny that the Plaintiff resides in Tarrant County.  The remainder of this averment is admitted.

9.       Defendants are without sufficient knowledge to admit or deny this averment.

10.      Defendants admit that Plaintiff is a natural person.  Defendants are without sufficient knowledge to admit or deny that Plaintiff is a resident of Tarrant County.  The remainder of this averment is denied.

11.      Defendant, MANITOBA   MANAGEMENT   INC.   d/b/a   THE   CREEK APARTMENTS, is a corporation.  The remainder of this averment is denied.

12.      Defendant, Darby Humplik, is a natural person and a resident of Texas.  The remainder of this averment is denied.

13.      Defendant, Tasha Allen, is a natural person and a resident of Texas.  The remainder of this averment is denied.

14.      Defendants deny this averment.

15.      Defendants admit this averment.

16.      Defendants admit that the lease agreement referenced by Plaintiff commenced on May 1, 2014.  The remainder of this averment is denied.

17.      Defendants deny this averment.

18.      Defendants deny this averment.

19.     Defendants deny this averment.

20.     Defendants deny this averment.

21.     Defendant MANITOBA MANAGEMENT INC. d/b/a THE CREEK APARTMENTS delivered a notice to vacate to Plaintiff on November 4, 2014, demanding possession of the leased premises on or before November 10, 2014. The remainder of this averment is denied.

22.     Defendants deny this averment.

23.     Defendants deny this averment.

24.     Defendants deny this averment.

25.     Defendants deny this averment.

26.     An action for forcible detainer was filed by MANITOBA MANAGEMENT INC. d/b/a THE CREEK APARTMENTS against Plaintiff in the Justice of the Peace Court, Precinct 4, Tarrant County, Case No. JP04-14-E00043644. The remainder of this averment is denied.

27.     A judgment was rendered in the abovementioned cause adjudicating Plaintiff guilty of forcible detainer on November 25, 2014. The remainder of this averment is denied.

28.     Defendants deny this averment.

29.     Defendants deny this averment.

30.     Defendants are without sufficient knowledge to admit or deny this averment.

31.     Defendants deny this averment.

32.     Defendants deny this averment.

33.     The recited provisions of all speak for themselves. The remainder of this averment is denied.

34.     This averment speaks for itself.

35.     Defendants deny this averment.

36.     Defendants deny this averment.

37.     Defendants deny this averment.

38.     Defendants deny this averment.

39.     This averment speaks for itself.

40.     This averment speaks for itself.

41.     Defendants deny this averment.

42.     Defendants deny this averment.

43.     This averment speaks for itself.

## II.
## DEFENDANTS' GENERAL DENIAL AND AFFIRMATIVE DEFENSES

44.     To the extent not otherwise admitted herein or where Defendants have alleged to be without sufficient knowledge or information to form a belief as to the truth of an averment, Defendants deny each averment within Plaintiffs' complaint.

45.     Defendants   deny   that   they   are   debt   collectors   as   defined   by Section 1692a(6) of the FDCPA.

46.     Defendants DARBY HUMPLIK and TASHA ALLEN affirmatively plead that they are not debt collectors pursuant to Section 1692a(6)(F)(iii) of the FDCPA because they are employees of Plaintiff's creditor, MANITOBA MANAGEMENT INC. d/b/a THE CREEK APARTMENTS.

47.     Defendant MANITOBA MANAGEMENT INC. d/b/a THE CREEK APARTMENTS affirmatively pleads that it is not a "debt collector," but rather a "creditor" as understood by Section 1692a(4)(F)(iii) of the FDCPA and Tex. Fin. Code § 392.001.

48.     Defendant MANITOBA MANAGEMENT INC. d/b/a THE CREEK APARTMENTS affirmatively pleads that it cannot be held liable for Plaintiff's alleged damages in the capacity in which MANITOBA MANAGEMENT INC. d/b/a THE CREEK APARTMENTS has been sued.

49.     Defendants deny that all conditions precedent have not been performed nor occurred.

50.     Plaintiffs' claims are barred in whole or in part by the doctrines of judicial estoppel.

51.     Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

52.     Plaintiffs' claims are bared in whole or in part by the applicable statutes of limitations.

53.     Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and estoppel.

54.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

55.     Plaintiffs' claims must be dismissed for failure to state a claim upon which relief can be granted.

56.     Plaintiffs' claims must be dismissed by the doctrine of unclean hands.

57.     Plaintiff's claims must be dismissed under the doctrine of bona fide error as set forth in 15 U.S.C. § 1692k(c).

58.     Defendants affirmatively plead that they are not debt collectors as understood by Section 1692a(6) of the FDCPA and Tex. Fin. Code § 392.001(5) and (6) because they have not engaged in an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

## III.
## PRAYER

Defendants respectfully pray that this Court deny any and all relief to Plaintiff, and that the

Court award Defendants their reasonable attorneys' fees and costs of court.

Respectfully submitted,

HIGIER ALLEN & LAUTIN

By:    */s/ Thomas W. Kniest II*
       Jennifer L. Owen
       *Attorney-in-Charge*
       Texas State Bar No. 15369050
       jowen@higierallen.com

       Thomas W. Kniest II
       Texas State Bar No. 24078798
       tkniest@higierallen.com

       5057 Keller Springs Road, Suite 600
       Addison, Texas  75001
       Telephone: (972) 716-1888
       Facsimile:  (972) 716-1899
       ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of May, 2015, a true and correct copy of the foregoing document was delivered:

**Via Certified and Regular Mail**
Yolanda Robinson
949 E. Mulkey St.
Fort Worth, TX 76104

                       */s/ Thomas W. Kniest II*
                       Thomas W. Kniest II